UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ELDRIDGE MORRISON** | **CIVIL ACTION NO. 3:13-cv-2152** |
|     LA. DOC #115463 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CHAD LEE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

      Pro se plaintiff Eldridge Morrison, an inmate in the custody of Louisiana's Department of Corrections (LDOC), filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 27, 2013. Plaintiff is currently incarcerated at the Tensas Parish Corrections Center, but when he filed this complaint he was incarcerated at the Franklin Parish Detention Center (FPDC). He complained of conditions of confinement at that prison and prayed for an immediate transfer to the Hunt Correctional Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

      Plaintiff filed his complaint on June 27, 2013. He alleged general and conclusory claims concerning the conditions of confinement at FPDC, namely "cruel and unusual punishments," "food, clothing, medical care, reasonable safety," "violence, unsafe conditions, unreasonable risk of serious damage to a prisoner's future health," "conditions that may be physically or mentally harmful," "fights every night," "Security deliberate indifference intent to cause harm toward

inmates when they don't get what they want out of inmates," "unsafe conditions," "not enough staff at night," "make trouble with inmates in the kitchen," "they make inmates get up before they eat all the little food that we do get in a days time," "talks very disrespect[ful] toward inmates," and "favoritism white and black." He also complained that the prisoners are not given cold water after recreation and that prisoners are not allowed to stand in the shade during recreation. He also complained that "medical don't answer the sick call request ... if the nurses don't think the sick call [is] viable." He complained that favoritism is shown to "home town" inmates concerning trustee assignments, prison jobs, and work-release, the GED program and re-entry program. Finally, he complained that inmates are charged $90 for GED classes and that he doesn't get adequate visitation time with his family.

    As noted above, plaintiff prayed for an emergency transfer to Hunt Correctional Center because "... that's my only hope of getting adequate medical attention, schooling, job, work-release, church call out and recreation to better my heart and blood run."

*Law and Analysis*

*1. Screening*

    Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

***2. Transfer***

Plaintiff sued Warden Chad Lee, his assistants, Michael Emfinger and Hilton Griffen and various corrections officers and health care professionals. His prayer for relief seeks only a transfer the Hunt Corrections Center.

Plaintiff is an inmate in the custody of the LDOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v.*

*McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

### 3. *Mootness*

Plaintiff prayed only for prospective injunctive relief – a transfer to another facility. While his suit was pending initial review, he was in fact transferred to the Tensas Parish Detention Center. With regard to his desire to obtain a transfer to Hunt, the defendants no longer exercise authority over him.

Further, he complained only of conditions of confinement at FPDC. His transfer away from the allegedly offending institution renders his claims for prospective injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated

4

probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001) (holding that transfer from unit rendered a prisoner's claims for declaratory and injunctive relief moot).

Since plaintiff is no longer incarcerated, at FPDC and since he is no longer under the authority of the defendants, his claim for injunctive relief is moot and subject to dismissal for failing to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, August 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE